IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CHRISTOPHER JON PERGROSSI,

     Plaintiff,

v.                              CASE NO. 1:20-cv-180-AW-GRJ

EPIC GAMES,

     Defendant.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing a *pro se* Complaint, ECF No. 1, and has been granted leave to proceed as a pauper, ECF No. 4. Upon initial screening of the case pursuant to the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)[1], the Court determined that Plaintiff should be required to file an Amended Complaint in order to clarify his claims. ECF No. 4. This case is now before the Court on ECF No. 5, Plaintiff's First Amended Complaint. For the following reasons, it is respectfully recommended that the First Amended Complaint be dismissed for failure to state a claim upon which relief may be granted.

_____

[1]When screening a Complaint under the IFP statute, the Court must dismiss any claim if it is "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

## I. <u>Standard of Review</u>

"Dismissal under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017). To plead a cause of action, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Determining whether a complaint should be dismissed for failing to state a claim upon which relief may be granted turns on whether the plaintiff has alleged sufficient plausible facts to support the claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). As the Supreme Court held in *Twombly*, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555.

*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional … claim" are "not entitled to be assumed true." *Ashcroft v. Iqbal*, 556 U.S. 662, 681–84 (2009). To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 680. "Determining whether a complaint states a plausible claim for relief" is a "context-specific task that requires the reviewing court to draw on its judicial experience and common

2

sense."  *Id.* at 679.  In other words, "The plausibility standard is met only where the facts alleged enable the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).

The Court will not penalize a *pro se* litigant for "linguistic imprecision," *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008), but a cause of action must be discernable.  A court does not have "license to … rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action."  *GJR Invs. v. Cty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by, Iqbal*, 556 U.S. 678.

## II.  <u>Plaintiff's Claims</u>

Plaintiff purports to assert antitrust claims on behalf of a game developer, Epic Games, against Google Inc. and Apple Inc.  ECF No. 5. Plaintiff requests the Court to "[p]lease consider Epic Games as the Plaintiff that I am assisting selflessly and without personal benefit to sue the Defendants Google and Apple."  *Id.* at 7.  To briefly summarize Plaintiff's theory, he alleges that the Defendants' practices are monopolistic because they do not allow players of Epic's "Fortnite" game to purchase items within the game itself, as opposed to channeling such purchases through the companies' app stores.  Plaintiff seeks court intervention to halt such

practices, including seizure of the companies' revenue derived from in-game sales.  *See id.* at 7-11.  Beyond that, the nuances of Plaintiff's claims are not relevant to disposition of this case because he faces an insurmountable hurdle:  Plaintiff is not an attorney and cannot represent another party's interests in this Court.

28 U.S.C. § 1654 authorizes parties in federal cases to "plead and conduct their own cases personally or by counsel." 28 U.S.C. § 1654. The right to appear *pro se,* however, is limited to those parties conducting "their own cases" and does not apply to persons representing the interests of others. *Franklin v. Garden State Life Ins.*, 462 Fed. Appx. 928, 930, 2012 WL 953099 **2,  (11th Cir. 2012) (unpublished) [2] (citing *Devine v. Indian River Cnty. Sch. Bd.,* 121 F.3d 576, 581 (11th Cir.1997), *overruled in part on other grounds, Winkelman v. Parma City Sch. Dist.,* 550 U.S. 516 (2007)).

Because Plaintiff, as a non-lawyer, is not permitted to proceed *pro se* in this case on behalf of Epic Games, he "can prove no set of facts entitling [him] to relief," and therefore dismissal is proper.  *Franklin v. Garden State Life Ins.*, 462 Fed. Appx. at 930, 2012 WL 953099 **2.

---

[2] Pursuant to 11th Cir. R. 36-2, unpublished opinions are not considered binding precedent but may be cited as persuasive authority.

Accordingly, it is respectfully **RECOMMENDED** that the First Amended Complaint, ECF No. 5, be **DISMISSED** for failure to state a claim upon which relief may be granted.

**DONE AND ORDERED** this 3rd day of September 2020.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**